Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/09/2025
CT Log Number 550339381

## Service of Process Transmittal Summary

**TO:** Legal Sop
Lyft, Inc.
185 BERRY ST STE 400
SAN FRANCISCO, CA 94107-1725

**RE:** **Process Served in District of Columbia**

**FOR:** Lyft, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DEMETRIA ROBINSON // To: Lyft, Inc. |
| **DOCUMENT(S) SERVED:** | Order, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2025CAB006593 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 11/03/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, Washington, DC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 10/09/2025 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons upon you, (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Frederick J. Brynn<br>922 Pennsylvania Avenue, S.E.<br>Washington, DC 20003<br>202-544-7200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/10/2025, Expected Purge Date: 10/15/2025<br><br>Image SOP<br><br>Email Notification, John Pellegrini jpellegrini@lyft.com<br><br>Email Notification, Christopher Youngblood cyoungblood@lyft.com<br><br>Email Notification, Eboni James ebonijames@lyft.com<br><br>Email Notification, Ty Lim tlim@lyft.com<br><br>Email Notification, Legal Sop legal-sop@lyft.com<br><br>Email Notification, Zermani Kadiam zkadiam@lyft.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005<br>8775647529 |



Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/09/2025
CT Log Number 550339381

MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

*The Law Firm of*
**FREDERICK J. BRYNN, P.C.**
**922 Pennsylvania Avenue, SE**
**Washington, D.C. 20003**

Serve: Registered Agent
C T Corporation System
1015 15th Street, NW
Washington, D.C. 20005

CERTIFIED MAIL

9589 0710 5270 1790 5032 66

**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**

**202-879-1133 | www.dccourts.gov**

**Case Number:** 2025-CAB-006593

**Case Style:** Demetria Robinson v. Miguel S. Capellan Hernandez et al.

**INITIAL ORDER**

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 01/02/2026 | 9:30 AM | Remote Courtroom 212 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Tanya Jones Bosier. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.
2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.
3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).
4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.
5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.
6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb212

   Meeting ID: 129 440 9070

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## Tips for the Hearing

- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them

Advice".

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

know that you are having technical issues.

## Special Tips for Video Hearings

**(Click here for more information)**

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**



**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

***You should bring the following items when you come to your scheduled site location***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call: 202-879-1900
Email: DCCourtsRemoteSites@dcsc.gov

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.



**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

***Cuando concurra al sitio programado debe llevar los siguientes artículos***

1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
9/29/2025
Superior Court
of the District of Columbia

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

**DEMETRIA ROBINSON**
4042 1st Street, SW
Washington, D.C. 20032

Plaintiff,

v.

**MIGUEL S. CAPELLAN HERNANDEZ**
6422 Elliott Place
Hyattsville, MD 20783-5008

-and-

**LYFT, INC.**
Serve: Registered Agent
C T Corporation System
1015 15th Street, NW
Washington, D.C. 20005

Defendants.

Case No. 2025-CAB-006593

**COMPLAINT**

Comes now, Plaintiff Demetria Robinson, by and through the undersigned counsel, makes this Complaint against Defendants Miguel S. Capellan Hernandez and Lyft, Inc. (herein referred to as "Defendant Hernandez" and or "Defendant Lyft" or "Defendants") and states as follows:

1. Plaintiff is an individual residing at 4042 1st Street, SW, Washington, D.C. 20032.

2 Defendant Miguel Capellan Hernandez is an individual residing at 6422 Elliott Place, Hyattsville, Maryland 20783-5008.

3. Defendant Lyft, Inc. is a corporate entity with a principal place of business at 185 Berry Street, Suite 5000, San Francisco, CA 94107.

4. This Court has subject matter jurisdiction over this action pursuant to Section 11-921 of the D.C. Code.

5. This Court has personal jurisdiction over Defendants pursuant to Section 13-423 of the D.C. Code because this action arises from Defendants' actions in causing tortious injury to Plaintiff by an act or omission in the District of Columbia and Section 13-422 of the D.C. Code as Defendants regularly solicit business in the District of Columbia.

**Statement of Facts**

6. On or about November 3, 2022, Plaintiff was a guest passenger in Defendants' vehicle as it traveled from a medical appointment to her residence both of which were located in the District of Columbia.

7. At all material times, Defendant Hernandez was an employee, agent and or representative of Defendant Lyft, Inc. acting within the scope of his employment for this defendant acting as a common carrier.

8. At approximately 10:30 a.m., as Plaintiff sat in the back seat of Defendants' vehicle as it traveled through Northwest Washington, D.C., Defendant Hernandez failed to appear see a stop sign ahead that was quickly approaching.

9. As Defendant Hernandez was speeding and not paying attention to his surroundings including the presence of a stop sign at which he was supposed to stop, he suddenly and without warning slammed on his brakes causing Plaintiff to be thrown forward and backward violently. As a result of this incident, Plaintiff was caused to suffer personal injuries and incur pain and suffering.

10. The aforementioned incident was caused by the Defendants' violations of various traffic regulations of the District of Columbia, then and there in full force and

effect, including but not limited to failing to pay full time and attention to his surroundings, speeding, failing to stop for a stop sign, failing to drive safely under the circumstances as a common carrier, and failing to drive using ordinary and reasonable care under the circumstances.

11. Plaintiff at all times acted in accordance with all applicable traffic regulations and statutes.

12. Plaintiff did not contribute to the cause of the accident or her injuries suffered therefrom.

13. As a direct and proximate cause of this Defendants' negligence, plaintiff suffered painful personal injuries, severe emotional distress and pain and suffering.

**COUNT I: Negligence**

14. Plaintiff restates and re-alleges paragraphs 1 through 13 as if fully set forth herein.

15. The aforementioned incident was caused by the Defendants' violations of various traffic regulations of the District of Columbia, then and there in full force and effect, including but not limited to failing to pay full time and attention to his surroundings, failing to drive safely under the circumstances, failing to drive safely as a common carrier, and failure to drive using ordinary and reasonable care under the circumstances.

16. As a direct and proximate cause of the Defendants' negligence by and through Defendant Hernandez, with no negligence on the part of Plaintiff contributing thereto, Plaintiff was caused to suffer severe and painful permanent bodily injury and

severe emotional distress. Plaintiff has and will incur medical expenses and was and will be prevented from pursuing other ordinary activities.

**COUNT II (Negligent Hiring, Retention, Training and Supervision**

17. Plaintiff restates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

18. Defendant Lyft negligently hired, retained, trained and or supervised Defendant Hernandez who negligently caused Plaintiff to suffer injuries and other harm as alleged herein by failing to pay full attention to his surroundings among other things.

19. As a direct and proximate cause of the Defendant Lyft's negligence by and through Defendant Hernandez, with no negligence on the part of Plaintiff contributing thereto, Plaintiff was caused to suffer severe and painful permanent bodily injury and severe emotional distress and other injuries. Plaintiff has and will incur medical expenses and was and will be prevented from pursuing other ordinary activities.

**COUNT III (Breach of Contract)**

20. Plaintiff restates and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. At all material times, Plaintiff had a contract express and or implicit, with the Defendants in which they agreed to provide transportation for Plaintiff for a fee.

22. Defendants by virtue of acting as a common carrier agreed to provide Plaintiff with a safe, negligent free ride by a driver who would pay full time and attention to the road and not be distracted by his GPS device during the course of the trip.

23. Defendants by virtue of acting as a common carrier agreed to provide Plaintiff with safe and ride share industry compliant transportation to her destination.

24. Defendants breached their duty of care to Plaintiff as noted above.

25. As a direct and proximate cause of this negligent conduct, Plaintiff was caused to suffer severe and painful permanent bodily injury and other injuries. Plaintiff has incurred medical expenses and was prevented from pursuing employment and other ordinary activities.

**WHEREFORE**, Plaintiff respectfully request judgment against the defendants in the amount of $250,000.00 which amount represents compensatory damages plus cost of suit and such other and further relief as this Court deems just and proper.

Dated: September 29, 2025

Respectfully Submitted,

/s/ Frederick J. Brynn
Frederick J. Brynn #433863
922 Pennsylvania Avenue, S.E.
Washington, DC 20003
(202) 544-7200
Attorney for Plaintiff
Fred.brynn@brynnlaw.com

**Jury Demand**

Plaintiff hereby demands a trial by jury of all issues in this matter.

/s/ Frederick J. Brynn
Frederick J. Brynn

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Demetria Robinson

Case Number: 2025-CAB-006593

vs

Date: ______

Lyft Inc. et.al.

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Frederick J. Bynum | Relationship to Lawsuit |
|---|---|
| Firm Name: Frederick J. Bynum PC | ☒ Attorney for Plaintiff |
| Telephone No.: 2025447200 Six digit Unified Bar No.: 433863 | ☐ Self (Pro Se) ☐ Other: ______ |

TYPE OF CASE: ☐ Non-Jury ☐ 6 Person Jury ☒ 12 Person Jury

Demand: $ 250,000— Other: ______

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: ______ Judge: ______ Calendar #: ______

Case No.: ______ Judge: ______ Calendar#: ______

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 18 OVER $25,000 Consent Denied
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☒ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)
☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

[signature] 9/29/25

Attorney's Signature  Date

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Demetria Robinson
Plaintiff

vs.

Case Number 2025-CAB-006593

Miguel S. Copellan Hernandez
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Frederick J. Brynn
Name of Plaintiff's Attorney

922 Pennsylvania Avenue, SE
Address
Washington, D.C. 20003

(202) 544-7200
Telephone

*Clerk of the Court*

By ______________________
Deputy Clerk

Date October 1, 2025

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

______________________________
Demandante

contra

Número de Caso: ______________________

______________________________
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

______________________________
Nombre del abogado del Demandante

______________________________ Por: ______________________________
Dirección Subsecretario

______________________________

______________________________ Fecha ______________________________
Teléfono

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면,(202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Demetria Robinson
Plaintiff

vs.

Case Number 2025-CAB-006593

Lyft Inc.
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Frederick J. Brynn
Name of Plaintiff's Attorney

922 Pennsylvania Avenue, SE
Address
Washington, D.C. 20003

(202) 544-7200
Telephone

Clerk of the Court

By ______________________
Deputy Clerk

Date October 1, 2025

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

______________________________
Demandante

contra

Número de Caso: ______________________________

______________________________
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

______________________________
Nombre del abogado del Demandante

______________________________
Dirección

Por: ______________________________
Subsecretario

______________________________

______________________________
Teléfono

Fecha ______________________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| DEMETRIA ROBINSON<br>3146 16th Street, NW<br>Apt. 310<br>Washington, D.C. 20010<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL S. CAPELLAN HERNANDEZ<br>6422 Elliott Place<br>Hyattsville, MD 20783-5008<br><br>and<br><br>LYFT, INC.<br>185 Berry Street, Ste. 400<br>San Francisco, CA 94100<br><br>Defendants. | : | Civil No.: 2025-CAB-006593<br>Judge Tanya Jones Bosier<br>Next Event: Scheduling Conference<br>January 2, 2026 at 9:30 a.m. |

**DEFENDANT LYFT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, Lyft, Inc. (hereafter "Lyft" or "Defendant"), by and through its counsel, Kathryn E. Bonorchis and Lewis Brisbois Bisgaard & Smith LLP, and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant Lyft admits, upon information and belief, Paragraph 1.

2. Defendant Lyft admits, upon information and belief, Paragraph 2.

3. Defendant Lyft admits Paragraph 3.

4. Paragraph 4 is a statement of jurisdiction and does not require a response.

5. Paragraph 5 is a statement of jurisdiction and does not require a response.

**Statement of Facts**

6. Defendant Lyft admits, upon information and belief, the date of the accident and that Plaintiff was riding as a passenger in Defendant Hernandez's vehicle. Defendant Lyft denies that it owned the vehicle that Defendant Hernandez was driving and lacks sufficient information to admit or deny Plaintiff's intended destination.

7. Defendant Lyft denies Paragraph 7. Defendant did not hire, employ, or control Defendant Hernandez. Rather, at the time of the subject motor vehicle accident, Defendant Hernandez was an independent contractor who used the Lyft application, website, and technology platform (the "Lyft platform") to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service.

8. Paragraph 8 is not directed at Defendant Lyft and does not require a response.

9. Paragraph 9 is not directed at Defendant Lyft and does not require a response.

10. Paragraph 10 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft denies the allegations set forth in Paragraph 10 and demands strict proof thereof. Answering further, Defendant Lyft is not a common carrier and was not involved in the underlying accident in any way.

11. Paragraph 11 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft lacks sufficient information to admit or deny Paragraph 11, the legal effect of which is to deny same and demand strict proof thereof.

12. Paragraph 12 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft lacks sufficient information to admit or deny Paragraph 12, the legal effect of which is to deny same and demand strict proof thereof.

13. Paragraph 13 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft denies the allegations set forth in Paragraph 13 and demands strict proof thereof.

**COUNT I (Negligence)**

14. Paragraph 14 is an incorporation clause. Defendant Lyft hereby incorporates its prior responses.

15. Paragraph 15 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft denies the allegations set forth in Paragraph 15 and demands strict proof thereof.

16. Paragraph 16 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft denies the allegations set forth in Paragraph 16 and demands strict proof thereof.

**COUNT II (Negligent Hiring, Retention, Training and Supervision)**

17. Paragraph 17 is an incorporation clause. Defendant Lyft hereby incorporates its prior responses.

18. Defendant Lyft denies Paragraph 18. Defendant did not hire, employ, or control Defendant Hernandez. Rather, at the time of the subject motor vehicle accident, Defendant Hernandez was an independent contractor who used the Lyft platform to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service.

19. Paragraph 19 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft denies the allegations set forth in Paragraph 19 and demands strict proof thereof. Answering further, Defendant did not hire, employ, or control Defendant Hernandez. Rather, at the time of the subject motor vehicle

accident, Defendant Hernandez was an independent contractor who used the Lyft platform to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service.

**COUNT III (Breach of Contract)**

20. Paragraph 20 is an incorporation clause. Defendant Lyft hereby incorporates its prior responses.

21. Regarding Paragraph 21, Defendant Lyft admits that Plaintiff agreed to a contract (the Terms of Service), an agreement which speaks for itself and that requires Plaintiff to submit her claims against Lyft to binding arbitration.

22. Defendant Lyft denies Paragraph 22. Defendant is not a common carrier and it did not hire, employ, or control Defendant Hernandez. Rather, at the time of the subject motor vehicle accident, Defendant Hernandez was an independent contractor who used the Lyft platform to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service.

23. Defendant Lyft denies Paragraph 23. Defendant is not a common carrier and it did not hire, employ, or control Defendant Hernandez. Rather, at the time of the subject motor vehicle accident, Defendant Hernandez was an independent contractor who used the Lyft platform to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service.

24. Paragraph 24 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft denies the allegations set forth in Paragraph 24 and demands strict proof thereof.

25. Paragraph 25 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Lyft denies the allegations set forth in Paragraph 25 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### *First Defense*

The Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against Defendant Lyft.

### *Second Defense*

Plaintiff may have failed to mitigate her damages, if any, and said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any. Therefore, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### *Third Defense*

The injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, recklessness, and/or intentional conduct of other persons and/or entities, and thus, Defendant Lyft is entitled to an allocation of such negligent, reckless, and/or intentional conduct amongst them, conduct which Defendant Lyft denies, and these other persons and/or entities. Thus, if any liability is found against Defendant Lyft, judgment should be assessed against it only to the extent that it represents the proportionate percentage by which this Defendant's acts and/or omissions contributed to Plaintiff's injuries, if any.

### *Fourth Defense*

No act or omission of Defendant Lyft was a factor, whether substantial or otherwise, in causing the incident or injury alleged in the Complaint. Additionally, no act and/or omission of

Defendant Lyft contributed, in any manner, to the incident or injury alleged in the Complaint. Finally, any alleged acts and/or omissions on the part of Defendant Lyft were superseded by the acts and/or omissions of other persons or entities, which acts and omissions were the independent, superseding, and intervening cause of the incident and injury described in the Complaint.

***Fifth Defense***

In the event Defendant Lyft is found liable, it is entitled to indemnification and/or contribution from any person or entity whose negligence proximately contributed to the resulting injuries and damages.

***Sixth Defense***

At the time of the occurrence alleged in her Complaint, Plaintiff had entered into a legally binding agreement with Lyft, governing Plaintiff's use of the Lyft platform. Pursuant to this agreement, Plaintiff expressly waived the right to the resolution of disputes in a court of law by a judge or jury and agreed to submit any claims between Plaintiff and Lyft to arbitration. Pursuant to the Federal Arbitration Act, Plaintiff is required to arbitrate her claim against Lyft.

***Seventh Defense***

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. Defendant herein reserves the right to assert additional Affirmative Defenses in the event discovery reveals it would be appropriate.

WHEREFORE, for the reasons set forth above, Defendant Lyft, Inc., respectfully requests that judgment be entered in its favor if this matter is not arbitrated along with other relief, as this Court deems proper.

Further, Lyft contends that Plaintiff's claims against Lyft are subject to mandatory, binding arbitration pursuant to Plaintiff's contract with Lyft. In the event such claims are not arbitrated, however, Lyft requests a jury trial solely to preserve that right and without waiving its right to compel arbitration of this matter.

Respectfully submitted,

/s/ Kathryn E. Bonorchis

Kathryn E. Bonorchis, Bar # 977709
Lewis Brisbois Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
Kathryn.Bonorchis@lewisbrisbois.com
Telephone: (410) 525-6409
*Attorneys for Defendant Lyft, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of October, 2025, a copy of the foregoing *Defendant Lyft, Inc's Answer to Plaintiff's Complaint* was filed electronically to:

Frederick Brynn, Bar No. 433863
922 Pennsylvania Ave., S.E.
Washington, D.C. 20003
202-544-7200
Fred.brynn@brynnlwaw.com
*Attorney for Plaintiff*

/s/ Kathryn E. Bonorchis
Kathryn E. Bonorchis